**FILED**
**Jul 28, 2022**
**03:43 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **ROBERT SAUBER,** | ) | **Docket No. 2022-03-0480** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CHARTER COMMUNICATIONS,** | ) | |
| **LLC aka CHARTER SPECTRUM,** | ) | **State File No. 22808-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **NATIONAL UNION FIRE** | ) | |
| **INSURANCE COMPANY OF** | ) | **Judge Pamela B. Johnson** |
| **PITTSBURG, PA,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

The Court held an Expedited Hearing on July 12, 2022, to determine whether Robert Sauber is entitled to medical and temporary disability benefits after a fall at work. Charter argued that the fall was idiopathic, even though the mediator did not certify the issue of compensability. For the reasons below, the Court holds that Mr. Sauber showed he is likely to prevail at a hearing on the merits. Therefore, the Court grants his request for benefits.

### History of Claim

On March 2, 2022, Mr. Sauber turned to clock out and fell.[1] He reached out with his right hand to break his fall and broke his wrist. He reported his injury the same day, and Charter first sent him to an urgent care facility. Later, Charter told him to go to an emergency room. The emergency providers reset and splinted his wrist and referred him to orthopedic surgeon Dr. Brandon Asbury.

---

[1] Mr. Sauber testified that he did not know why he fell that day. He stumbled a few times that day, which his supervisor observed, and he told his supervisor that his Achilles heel was hurting. He also testified that his company-provided boots were worn, and the company did not replace them the year before due to supply shortages. On cross-examination, Mr. Sauber stated the concrete surface was smooth with a slight incline but denied any other visible hazard.

1

Dr. Asbury saw Mr. Sauber on March 3 and determined, "With greater than 50% certainty, this is a work-related injury due to the patient's fall while on the job." Dr. Asbury assigned "non-weightbearing" restrictions on that date and placed Mr. Sauber completely off work on March 7. Dr. Asbury surgically repaired the wrist on March 11. At his March 23 appointment, Dr. Asbury assigned light-duty restrictions and ordered occupational therapy. On April 28, Dr. Asbury continued the light-duty restrictions and again ordered therapy.

During the hearing, Mr. Sauber testified that, after speaking with the adjuster after the work incident, he understood that Charter's carrier had accepted his claim and would pay his medical and temporary disability benefits. However, Charter has not paid any benefits. He also testified that Charter's carrier never provided him a panel of physicians nor authorized the recommended therapy.

Mr. Sauber testified that he sent the March and April therapy referrals to the adjuster and left several messages with the adjuster, who never responded. Mr. Sauber testified, "Charter is a great company, but I was ghosted by [the adjuster]."

Mr. Sauber testified that he has not worked since the fall. He said human resources checked on light-duty work, but none was available. He agreed to an average weekly wage of $1,156.57 and a compensation rate of $771.06 per week.

Mr. Sauber filed a Petition for Benefit Determination on April 28 seeking medical and disability benefits. Charter did not respond to the petition or participate in mediation.[2] Likewise, Charter did not participate in completing the Dispute Certification Notice. The Dispute Certification Notice listed medical and temporary disability benefits as the disputed issues and did not include compensability. Under defenses, the notice included: "The carrier has refused to respond to the employee's Petition for Benefit Determination."

At the Expedited Hearing, Charter acknowledged compensability was not an issue listed on the Dispute Certification Notice but asserted Mr. Sauber suffered an idiopathic fall and was therefore not entitled to the requested benefits.

**Findings of Fact and Conclusions of Law**

At an Expedited Hearing, Mr. Sauber must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Subject to narrow exceptions, "only issues that have been certified by a workers'

---

[2] Charter did not hire counsel until two days before the Expedited Hearing.

compensation mediator within a dispute certification notice may be presented to the court for adjudication." *Phillips v. Carolina Const. Solutions*, 2016 TN Wrk. Comp. App. Bd. LEXIS 10, at *18-19 (Feb. 26, 2016); Tenn. Code Ann. § 50-6-239(b)(1). To determine which issues the mediator certified in the Dispute Certification Notice, the trial court must "consider the document as a whole without reading its components in a vacuum." *Marzette v. Pat Salmon and Sons, Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 29, at *11 (Sept. 18, 2015).

The parties may only present for adjudication issues listed on the Dispute Certification Notice. The only exception is when the trial court makes express findings that the parties did not have knowledge of the issue before the issuance of the Dispute Certification Notice, and the parties could not have known of the issue despite reasonable investigation; and that prohibiting presentation of the issue would result in substantial injustice to the petitioning party. *Dorsey v. Amazon.com*, 2015 TN Wrk. Comp. App. Bd. LEXIS 13, at *8-9 (May 14, 2015); Tenn. Code Ann. § 50-6-239(b)(1)-(2).

Here, the mediator certified issues of medical and temporary disability benefits. Under defenses, the mediator noted, "The carrier has refused to respond to the employee's Petition for Benefit Determination." When Charter failed to respond to Mr. Sauber's petition, participate in mediation, and assist in the completion of the Dispute Certification Notice, it did so to its own detriment. The Court finds that Charter's idiopathic defense invokes the issue of compensability, which is not certified for adjudication. Thus, Charter cannot rely on this defense at this Expedited Hearing.

In support of its holding, the Court finds that Charter did not show that, at the time the mediator issued the Dispute Certification Notice, it did not have knowledge of the idiopathic fall defense and could not have known of the defense despite reasonable investigation. The March 3 medical reports from the emergency department and Dr. Asbury's office noted that Mr. Sauber "turned and lost his balance and landed on his right wrist" and "he tripped over himself and fell." Charter cannot claim it did not know or could not have known despite reasonable investigation the circumstances surrounding Mr. Sauber's fall before the mediator issued the Dispute Certification Notice on June 9. Thus, Charter gave no viable reason upon which the Court can consider its idiopathic fall defense where, as here, the mediator did not certify compensability as an issue for adjudication.

Moreover, allowing Charter to present the issue and defense at the Expedited Hearing would result in substantial injustice to Mr. Sauber. He testified that he first learned the day before the hearing that Charter was denying his injury was work-related. Mr. Sauber testified that, up to that point, he understood that Charter's carrier had accepted his claim.

Excluding the issue of compensability and an idiopathic fall defense, the record established that, at a hearing on the merits, Mr. Sauber will likely prevail in showing that

3

he fell at work and broke his wrist. He gave immediate notice to his supervisor, who instructed him to seek medical care at the emergency room. The emergency room provider referred him to Dr. Asbury, who surgically repaired his broken wrist. Charter did not provide him a panel of physicians.

The Workers' Compensation Law requires an employer, upon receiving notice of an injury, to furnish all medical and surgical treatment made reasonably necessary by the work accident. Tenn. Code Ann. § 50-6-204(a)(1)(A). Therefore, Charter shall pay all medical expenses made necessary by Mr. Sauber's March 2 fall.

Further, the Law requires the employer to provide the injured employee with a panel of three doctors from which the employee may choose a treating physician. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). When an employer fails to provide a panel, it does so at the risk that, if the claim is later deemed compensable, it may be required to pay for medical care with the physician of the employee's choosing. *Ducros v. Metro Roofing & Metal Supply Co., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 62, at *10 (Oct. 17, 2017).

Here, Charter did not provide Mr. Sauber a panel. Thus, Dr. Asbury shall remain the authorized treating physician. Further, Charter shall authorize and pay for the therapy recommended by Dr. Asbury and provide ongoing treatment made reasonably necessary by the March 2 work accident.

Turning to temporary disability benefits, an injured employee is entitled to temporary total disability benefits when he becomes disabled due to a compensable injury; a causal connection exists between the injury and the inability to work; and the period of disability is established. An injured employee is entitled to temporary partial disability when the treating physician returns him to work with restrictions that the employer either could not or would not accommodate. *Jones v. Crencor Leasing & Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

In this case, Dr. Asbury both assigned restrictions and took Mr. Sauber completely off work due to his work injury. On March 3, Dr. Asbury assigned restrictions and, on March 7, took Mr. Sauber off work. By March 23, Dr. Asbury returned Mr. Sauber to work with restrictions, which he continued on April 28. Mr. Sauber has not worked since the March 2 fall because light-duty work was unavailable. Therefore, Mr. Sauber is entitled to $771.06 per week from March 3 to the present and continuing as long as his temporary disability exists.

Additionally, the Court refers Charter's carrier to the Compliance Program for investigation and assessment of a civil penalty under Tennessee Code Annotated section 50-6-118. The Court finds that Charter failed to respond to the petition, failed to participate in mediation, failed to assist in the completion of the dispute certification notice, failed to provide a panel of physicians, and failed to file a wage statement. Upon its issuance, a copy

4

of this Order will be sent to the Compliance Program.

**IT IS, THEREFORE, ORDERED** as follows:

1. Charter shall provide medical care for Mr. Sauber's injuries as required by Tennessee Code Annotated section 50-6-204 (2021). Dr. Asbury shall remain the authorized treating physician.

2. Charter shall pay all previous medical expenses made necessary by Mr. Sauber's March 2 fall.

3. Charter shall authorize and pay for the recommended therapy and provide ongoing treatment made reasonably necessary by the March 2 work accident.

4. Charter shall pay Mr. Sauber $771.06 per week from March 3, 2022, to the present, or 27 weeks, for a lump sum payment of $16,192.26.

5. Charter shall continue paying temporary disability benefits as long as the temporary disability exists.

6. The Court refers Charter's carrier to the Compliance Program for investigation and assessment of a civil penalty under Tennessee Code Annotated section 50-6-118.

7. The Court sets a Status Conference on **November 14, 2022**, at **1:30 p.m. Eastern Time**. The parties must dial 855-543-5041 (toll-free) to participate.

8. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2021). The Insurer or Self-Insured Employer must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance. For compliance questions, please contact the Workers' Compensation Compliance Unit at WCCompliance.Program@tn.gov.

**ENTERED July 28, 2022.**

**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

5

## APPENDIX

<u>Technical Record:</u>
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Hearing
4. Docketing Notice
5. Notice of Appearance

<u>Exhibits:</u>
1. Rule 72 Declaration of Robert Sauber
2. Pay Stubs
3. Medical Records and Expenses of Blount Memorial Hospital
4. Medical Expense of LeConte Radiology
5. Medical Records of OrthoTennessee

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as shown on July 28, 2022.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Robert Sauber, Self-Represented Employee | | X | glmadmin@gmail.com |
| John W. Barringer, Jr., Employer's Attorney | | X | jbarringer@manierherod.com |
| Compliance Program | | X | wccompliance.program@tn.gov |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a
true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described
in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this
case on this the _____ day of _____ , 20 _____ .

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries          $ _____ per month      Telephone       $ _____ per month

Electricity        $ _____ per month      School Supplies $ _____ per month

Water              $ _____ per month      Clothing        $ _____ per month

Gas                $ _____ per month      Child Care      $ _____ per month

Transportation  $ _____ per month         Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe:_____

11. My debts are:

Amount Owed                     To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____